IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WILLIE J. JOHNSON,

    Plaintiff,

v.                                          Case No. 12-cv-00357

FEDEX GROUND PACKAGE SYSTEM, INC.

and

JIM PALMER,

    Defendants.

## COMPLAINT

COMES NOW, Plaintiff Willie J. Johnson, by and through his attorneys PETERSON, JOHNSON & MURRAY, S.C., and for his causes of action against Defendants FedEx Ground Package System, Inc. and Jim Palmer avers:

### INTRODUCTION

1. This action is brought pursuant to 29 U.S.C. § 621, *et seq.*, to redress unlawful age discrimination and under the laws of the State of Wisconsin to redress negligent training and supervision and intentional infliction of emotional distress.

### JURISDICTION AND VENUE

2. This Court is vested with jurisdiction over plaintiff's claims pursuant to 29 U.S.C. § 621, *et seq.*, and 28 U.S.C. § 1331.

3. This Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

4. The unlawful practices alleged herein were committed within this judicial district. Venue of this action is vested in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff Willie J. Johnson (Johnson) was formerly employed by Defendant FedEx Ground Package System, Inc. as a package handler. He is more than sixty years old.

6. Defendant FedEx Ground Package System, Inc. (FedEx) is a wholly owned subsidiary of FedEx Corporation and is incorporated under the laws of the State of Delaware. Johnson worked in its Home Delivery facility located at 9875 South Stern Street in Oak Creek, Wisconsin.

7. Jim Palmer (Palmer) was Johnson's supervisor and is currently employed by FedEx.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. FedEx hired Johnson as a part-time package handler in 2003 to work in its Home Delivery facility in Oak Creek, Wisconsin.

9. At all relevant times, Johnson was fully qualified for his job as a package handler.

10. At all relevant times, Johnson performed his job duties satisfactorily.

11. Beginning in at least 2008, Palmer repeatedly made discriminatory comments about Johnson's age to subordinates. Specifically, Palmer told subordinates that Johnson was "too old" and that he wanted to fire Johnson because of his age.

12. Palmer directed subordinates to trump up reasons to fire Johnson.

   a. For example, FedEx measured package handlers' work performance daily. FedEx would time the number of packages they were handling for approximately five minutes and then extrapolate that number to an hourly rate for the day. In

Johnson's case, FedEx would strategically time his performance when the equipment was malfunctioning or when there were fewer packages to handle due to a decrease in package volume.

13. The verbal and written warnings that Johnson received are without merit, pretextual and intentionally discriminatory.

14. Likewise, Johnson's firing, premised on those unwarranted verbal and written warnings, is intentionally discriminatory.

15. Younger employees that were not meeting standards were given opportunities to transfer to other positions that did not require as rigorous a workload or the testing described above. Johnson was not.

16. In addition, younger employees that received similar verbal and written warnings were not fired.

17. FedEx has done nothing to prevent the unlawful actions complained of herein. FedEx has taken no remedial steps.

18. Johnson timely filed a charge of age discrimination with the United States Equal Employment Opportunity Commission (EEOC).

19. Johnson timely filed this lawsuit after received a right to sue letter from the EEOC.

20. Johnson has exhausted all prerequisites to filing this action.

# FIRST CAUSE OF ACTION: AGE DISCRIMINATION
# UNDER 29 U.S.C. § 621, *et seq.*
# AGAINST FEDEX GROUND PACKAGE SYSTEM, INC.

21. Johnson incorporates here all previous paragraphs.

22. 29 U.S.C. § 621, *et seq.*, protects Johnson from age discrimination.

23. Section 623 provides that it shall be unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age.

24. Section 623 further provides that it shall be unlawful for an employer to limit, segregate, or classify its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect an individual's status as an employee, because of such individual's age.

25. When defendants discriminated against Johnson because of his age, defendants knew the immediate, practical and tangible materially adverse result would include (without limitation) creating a hostile working environment for Johnson.

26. Defendants' discriminatory actions were taken in malicious, willful, wanton, deliberate indifference to, and reckless disregard of Johnson's rights as guaranteed by 29 U.S.C. § 621, *et seq.*

27. Defendants treated Johnson less favorably and more harshly than younger employees in the terms, conditions, benefits, and privileges of Johnson's employment because of his age.

28. As a direct, foreseeable, and proximate result of defendants' intentional illegal discrimination, Johnson has suffered injuries, damages, and other losses, without limitation to lost wages and benefits and emotional distress. These injuries and damages continue into the present and will continue into the foreseeable future.

29.     Johnson requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION: NEGLIGENT TRAINING AND SUPERVISION UNDER WISCONSIN STATE LAW AGAINST FEDEX GROUND PACKAGE SYSTEM, INC.

30.     Johnson incorporates here all previous paragraphs.

31.     FedEx knew or should have known that its supervisors would subject older employees, like Johnson, to age discrimination without adequate training or supervision.

32.     FedEx failed to adequately train its employees, without limitation to Palmer, in diversity training relating to age discrimination.

33.     FedEx further failed to adequately supervise its employees, without limitation to Palmer, to ensure (1) that its older employees, like Johnson, were not subjected to age discrimination; and (2) that its older employees, like Johnson, had an effective complaint mechanism to alert FedEx to age discrimination.

34.     FedEx's failure to exercise due care in training and supervising its employees was a cause-in-fact of Palmer and others' discriminatory actions, which in turn caused Johnson's damages.

35.     As a direct, foreseeable, and proximate result of defendants' intentional illegal retaliation, Johnson has suffered injuries, damages, and other losses, without limitation to lost wages and benefits and emotional distress.  These injuries and damages continue into the present and will continue into the foreseeable future.

36.     Johnson requests relief as hereinafter provided.

# THIRD CAUSE OF ACTION:
# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
# UNDER WISCONSIN STATE LAW
# AGAINST EACH DEFENDANT

37. Johnson incorporates here all previous paragraphs.

38. When defendants discriminated against Johnson because of his age, defendants knew the immediate, practical and tangible materially adverse result would include (without limitation) creating a hostile working environment for Johnson.

39. Defendants' discriminatory actions were taken in malicious, willful, wanton, deliberate indifference to, and reckless disregard of Johnson's rights as guaranteed by 29 U.S.C. § 621, *et seq.*

40. Defendants treated Johnson less favorably and more harshly than younger employees in the terms, conditions, benefits, and privileges of Johnson's employment because of his age.

41. Defendants desired to inflict severe emotional distress on Johnson and/or knew that severe emotional distress would be certain or substantially certain to result from their conduct.

42. As a direct, foreseeable, and proximate result of defendants' intentional illegal discrimination, Johnson has suffered injuries, damages, and other losses, without limitation to lost wages and benefits and emotional distress. These injuries and damages continue into the present and will continue into the foreseeable future.

43. Johnson requests relief as hereinafter provided.

# RELIEF REQUESTED

WHEREFORE, Johnson respectfully requests that this honorable Court enter judgment for him on his complaint against defendants, jointly and severally, and provide the following relief:

A. A declaratory judgment that the actions complained of herein are unlawful and violate 29 U.S.C. § 621, *et seq.*;

B. An order that defendants pay, jointly and severally, all damages Johnson sustained as a result of defendants' illegal conduct, without limitation to compensatory damages for lost wages and benefits, anxiety, emotional distress, and mental aguish, together with pre- and post-judgment interest and other statutory penalties, plus punitive damages;

C. An order that defendants pay, jointly and severally, the costs of this action, including reasonable attorneys' fees and expert fees to extent available under the federal and state laws; and

D. Such other and further legal and equitable relief that this honorable Court deems just and proper under the circumstances.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Johnson hereby requests a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: April 16, 2012.

        PETERSON, JOHNSON & MURRAY, S.C.
        Attorneys for Plaintiff

*/s/ William F. Sulton*
William F. Sulton
State Bar No. 1070600
733 North Van Buren Street, Floor 6
Milwaukee, Wisconsin 53202
Telephone: (414) 278-8800
Facsimile: (414) 278-0920
Email: wsulton@pjmlaw.com